LEE BECKWITH *v.* THE PUBLIC REALTY COMPANY
ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued March 2—decided May 25, 1965

*Clement J. Kichuk,* assistant attorney general, with whom, on the brief, were *Harold M. Mulvey,* attorney general, and *Raymond J. Cannon,* assistant attorney general, for the appellant (defendant state).

*Stephen Tate,* for the appellee (plaintiff).

MURPHY, J. The plaintiff was injured on June 1, 1960, when a cocoa mat in the second-floor hallway of the named defendant's building in Norwalk slipped from under her as she was leaving the state's adult probation office. The mat was on the linoleum-covered floor outside the door leading into the probation office. She sued the owner of the building and, in a separate subsequent action, sued Horace F. Johnson, the operator of a cleaning and maintenance service, who, as an independent contractor, was hired by the owner to clean and wax the common hallways in the building. The state of Connecticut leased the office space occupied by the probation office. In 1961, the commission on claims, acting under the provisions of General Statutes § 4-160, authorized suit against the state, and it was joined as a party defendant in the pending action against the owner. The actions against Johnson and the owner were tried to the jury, and at the same time the issues against the state were tried to the court. On December 5, 1963, the jury exonerated Johnson from liability but returned a verdict for

$1000 damages against the owner. On January 22, 1964, the trial judge filed his memorandum of decision, in which he held the state liable in negligence, and, after taking into account the jury award, rendered judgment for the plaintiff to recover damages of $1403.50 from the state. The state has appealed. Only the question of liability was pursued on the appeal.

The state is entitled to several corrections in the finding, but since they are not material to the issue of notice, which is determinative of the appeal, no discussion of them seems required. The trial court made no finding that the state had either actual or constructive notice of the alleged slippery condition under the mat which caused the mat to slide as the plaintiff stepped on it, in her haste to leave the office before the time ran out on the parking meter where her car was parked. The floor was waxed on the weekend before she fell. Sunday, Memorial Day and but one business day, Tuesday, intervened. The plaintiff fell on Wednesday. That day, prior to her fall, the floor was polished with a buffing machine. The finding does not indicate whether the slippery condition resulted from the buffing or from the waxing. Since the finding does not disclose which, if either, operation created the condition which was a proximate cause of the plaintiff's fall, the finding does not support a judgment for the plaintiff. Furthermore, if the buffing was a proximate cause of the slippery condition, the finding is inadequate for a determination that the condition had existed a sufficient length of time to charge the state with constructive notice. *Edwards* v. *F. W. Woolworth Co.*, 129 Conn. 245, 246, 27 A.2d 163. Therefore, the conclusion that the state was negligent is not supported by the finding of facts.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the state.

In this opinion KING, C. J., and ALCORN, J., concurred; COMLEY and SHANNON, Js., dissented.